UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:21-cr-00186-AGF |
| ) | |
| STEVEN L. BELL, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This closed criminal matter is before the Court on Defendant Steven Bell's pro se motion (ECF No. 1171) for relief under the Second Chance Act. As best the Court can discern, Defendant requests that the Court recommend or grant him placement Residential Reentry Management ("RRM") center for a six or more months prior to releasing him. Defendant is currently incarcerated at McCreary USP in Kentucky, with an anticipated release date of November 5, 2028.

By statute, "[t]he Bureau of Prisons shall designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). The Second Chance Act provides:

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

18 U.S.C. § 3624(c)(1).

"The Second Chance Act does not authorize a federal court to order the BOP to release a prisoner . . . .  Moreover, the Second Chance Act makes no mention of federal courts and does not grant any authority to the federal courts." *United States v. Calderon*, 801 F. App'x 730, 731–32 (11th Cir. 2020); *see also United States v. Giboney*, No. 4:15-CR-00097-JAR-1, 2021 WL 409960, at *3 (E.D. Mo. Feb. 5, 2021) (holding that the court lacked authority to order home confinement under the Second Chance Act), *aff'd,* No. 21-1430, 2021 WL 3730500 (8th Cir. Feb. 25, 2021); *United States v. Perri*, No. 23-2243, 2023 WL 5925887, at *2 (3d Cir. Sept. 12, 2023) ("We cannot fault the District Court for declining to issue a recommendation about incarceration decisions that lie with the BOP.").  Therefore, the Court lacks authority to order Defendant's release to an RRM, and the Court declines to make such a recommendation.

To the extent that Defendant is challenging the execution or computation of his sentence, "questions concerning jail time computations are exclusively within the jurisdiction of the federal Bureau of Prisons, [and] [t]he Attorney General of the United States, acting through the Bureau of Prisons, must make initial sentence credit decisions under 18 U.S.C. § 3585(b)." *United States v. Ellingboe*, No. 4:22-CR-5 RLW, 2024 WL 1833542, at *1 (E.D. Mo. Apr. 26, 2024) (citing *United States v. Wilson*, 503 U.S. 329, 333-34 (1992), and *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004)).

An inmate's claim challenging sentence computation must be presented first to the Bureau of Prisons.  *Pardue*, 363 F.3d at 699.  Once administrative remedies are

exhausted, prisoners may then seek judicial review through a habeas corpus action under § 2241. *Id.* Such an action must be filed against the inmate's custodian in the judicial district of incarceration, not the district of sentencing. *See Matheny v. Morrison*, 307 F.3d 709, 711-12 (8th Cir. 2002). Defendant's motion does not comply with these requirements.

For these reasons, the Court lacks authority to recommend or grant Defendant the relief he requests.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's pro se motion for relief under the Second Chance Act is **DENIED**. ECF No. 1171.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 17th day of June, 2025.